**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJBLINDER SINGH, | No.    15-73533 |
| Petitioner, | |
| v. | Agency No. A079-271-034 |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2018[**]

Before:  BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Daniel R. Dominguez, United States District Judge for the District of Puerto Rico, sitting by designation.

Rajblinder Singh ("Petitioner"), a native and citizen from the Kashmir region in India, petitions for review of the Board of Immigrations Appeals' ("BIA") order adopting and affirming the decision of an immigration judge ("IJ") denying the Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the factual findings underlying the BIA's determination, *Villavicencio v. Sessions,* 879 F.3d 941, 945 (9th Cir. 2018), as well as the BIA's determination that an applicant is not eligible for protection under the Convention Against Torture. *Avendano-Hernandez v. Lynch,* 800 F.3d 1072, 1078 (9th Cir. 2015). We deny the petition for review.

Substantial evidence supports the BIA's pre-REAL ID Act adverse credibility determination based on inconsistencies regarding key elements of the Petitioner's claim, including failure to credibly establish his identity. Substantial evidence supported the BIA's finding that the Petitioner did not credibly establish his identity based on discrepant evidence as to the Petitioner's birthdate, inconsistent evidence as to whether Petitioner's brother is older or younger than Petitioner, and Petitioner's lack of knowledge as to key facts related to his purported relatives' lives. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (repeated and significant inconsistencies deprived claim of the requisite "ring of truth").

Moreover, inconsistencies in the record regarding whether the Petitioner recognized the militants who he said visited his home in India looking for him and whether his wife suffered a miscarriage as a result of her treatment in the hands of the Indian police constitute substantial evidence to sustain the BIA's adverse credibility determination based on discrepancies that go to the heart of the Petitioner's claim. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [an applicant's] claim of persecution, we are bound to accept the IJ's adverse credibility finding" (citation omitted)). In the absence of credible testimony, in this case, Petitioner's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioner's CAT claim further fails as the underlying evidence is based on the same evidence the BIA found not credible, and the record does not otherwise compel a finding that it is more likely than not Petitioner would be tortured if returned to India. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**